(No. 2504—

LEO BRAY, Claimant, vs. STATE OF ILLINOIS, Respondent.

Opinion filed September 13, 1939.

WILLIAM M. SCANLAN, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint was filed on September 17, 1934, claiming the sum of $1,077.50 for compensation alleged to be due under the Workmen's Compensation Act for an injury suffered by the claimant in an accident which occurred on September 29, 1933, while the claimant was in the employ of the State of Illinois, in its Division of Highways, Department of Public

Works and Buildings. The respondent was at the time of claimant's injury engaged in maintaining a concrete paved highway. The claimant sustained an accidental injury while cleaning up a mud jack, which was used for raising low places in the pavement.

At the time of the injury claimant was 41 years of age and had the following children under sixteen years of age at that time:

Josephine Bray, age 13;
Leo Robert Bray, age 10;
Edward Bray, age 8;
William Bray, age 6;
James Bray, age 2.

No compensation was paid to the claimant on account of the injury and no hospital or doctor bills were paid.

The State had due notice of the injury and according to Dr. Edgcomb, his attending physician, the claimant received a cut eight inches long on the posterior surface of the right forearm. The cut went through the skin, the subcutaneous tissues and into the tendon and extensor longus pollices. It did not completely cut the tendon but cut into it. Dr. Edgcomb took care of him and testified that there was no complete disability. He was under the doctor's care approximately six weeks. There was a scar five inches long at the site of the wound that is healthy; it is not attached to the fascia. The sensitiveness is gone, the scar is not tender now, and there is full extension and flexion, but there is loss of pronation. The doctor estimated that he would have been able to return to work about two weeks after the six-week period that he treated him.

This accident occurred on September 29, 1933; the claim was not filed until September 17, 1934, and the Statement, Brief and Argument on behalf of respondent was not filed until June 27, 1939. The State had due notice of the accident and demand was made for compensation by the claimant within six months after the date of the accident.

The Court finds that the petitioner was under the Compensation Act and received an additional injury arising out of and in the course of the employment; that he had been, prior to the accident, a railroad engineer, and when work opened up he went back to his employment and received more for his employment than he was receiving operating the mud

jack. At the end of the day it was the custom to clean the mud jack. The accident occurred about 4:45 p. m. Claimant was paid at the rate of 35 cents per hour for an eight-hour day, and during the ten calendar weeks that he had been employed by the Division of Highways he had worked 291 hours at 35 cents per hour, making a total of $101.85, and two hours at 50 cents per hour, or $1.00.

As stated above, claimant had five children under sixteen years of age who were living with him and dependent upon him.

The Court finds that the bill for medical services was $13.00 and that this, was a fair and reasonable charge. The Court also finds that the hospital bill amounted to $5.50 for the use of the operating table, and that this was a fair and reasonable charge. As to the specific loss, the claimant testified that he was doing the same general type of work, for the same company, with the exception of such changes as had been made in the equipment by that company, that he had been doing before he secured employment with the State Highway Department.

Dr. Edgcomb testified that claimant should have been able to return to his regular employment in about two months after the accident. His regular employer was the American Silica Sand Works.

Under Section 8 of the Illinois Workmen's Compensation Act, an employee having four or more children under the age of sixteen years at the time of the injury is entitled to $14.00 per week.

It is admitted that this accident arose out of and in the course of the employment, and that all parties are under the Compensation Act, and that nothing has been paid by the State, either by way of compensation, hospital or medical bills.

We, therefore, make an award in favor of the claimant, Leo Bray, for eight weeks at $14.00 per week, or the sum of $112.00; and an award to the claimant, Leo Bray, for the use of Ryburn King Memorial Hospital in the sum of $5.50, and an award to the claimant, Leo Bray, for the use of Dr. J. H. Edgcomb in the sum of $13.00.

This award being subject to the provisions of an Act entitled, "An Act making an Appropriation to Pay Compensation Claims of State Employees and providing for the

Method of Payment Thereof," approved July 3, 1937 (Sess. Laws 1937, p. 83), and being subject further to the terms of an Act entitled "An Act making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Moneys until the Expiration of the First Fiscal Quarter after the Adjournment of the next Regular Session of the General Assembly" (Senate Bill 123, as amended), approved July 8, 1939; and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for by the foregoing Acts.